IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:22-cv-02071-RMR-STV

UNITED STATES OF AMERICA
ex rel. WADE RINER

        Plaintiff,

v.

BEAVER RUN HOMEOWNERS ASSOCIATION,
ET AL.

        Defendants.

---

**UNOPPOSED MOTION TO STAY PENDING
RESOLUTION OF JOINT MOTION TO DISMISS**

---

Defendants, through their respective counsel, hereby submits their Unopposed Motion to Stay Pending Resolution of the Joint Motion to Dismiss, and in support thereof, states as follows:

**CONFERRAL**

Pursuant to D.C.COLO.LCivR 7.1(A), the undersigned conferred with Plaintiff's counsel regarding this Motion to Stay. Counsel for Plaintiff does not oppose this motion.[1]

---

[1] In not opposing this Motion, counsel for Plaintiff is not waiving any argument that the basis for dismissal is valid or appropriate. Rather, Plaintiff is agreeable to a stay based on the *String Cheese* factors.

## BACKGROUND

Plaintiff filed a *qui tam* action on behalf of the United States under the False Claims Act ("FCA") alleging Defendants obtained Paycheck Protection Program ("PPP") loans in 2020 and 2021 during the crisis created by the COVID-19 pandemic when they were ineligible for them.  Contemporaneously with this filing, Defendants filed a Joint Motion to Dismiss on the basis this Court lacks jurisdiction under the FCA because the Complaint is barred by the public disclosure bar and the allegations fail to plead fraud with specificity as required by Rule 9.  Defendants respectfully request that this lawsuit be stayed pending a determination of the Joint Motion to Dismiss.  A ruling in Defendants' favor on the Joint Motion to Dismiss will be dispositive and engaging in discovery is counterproductive to Rule 1 of the Federal Rules of Civil Procedure and the interests of judicial economy.

## LEGAL STANDARD

The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings; however, the power to stay "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936) (citing *Kansas City S. Ry. Co. v. United States*, 282 U.S. 760, 763 (1931)).  Fed. R. Civ. P. 26(c) permits a court to "issue an order to protect a party…from annoyance, embarrassment, oppression, or undue burden or expense."  Whether to stay discovery is a matter left to the sound discretion of the trial court. *Wang v. Hsu*, 919 F.2d 130, 130 (10th Cir. 1990).  "[G]ood cause may exist to stay discovery if a dispositive motion has

been filed that could resolve the case and a stay does not unduly prejudice the opposing party." *Namoko v. Milgard Mfg., Inc.*, No. 06-cv-02031-WDM-MEH, 2007 WL 1063564, at *1 (D. Colo. Apr. 6, 2007) (granting motion to stay discovery pending determination on motion to dismiss).

Although not dispositive of the issue of whether to stay this case, the clear weight of authority in the District of Colorado is to enter stays when a dispositive motion is pending. *See, e.g.*, *Makeen Inv. Grp., LLC v. Vallejos*, No. 17-cv-02579-RM-STV, 2018 WL 704383 (D. Colo. Feb. 5, 2018); *Frederick v. Col-Terra Invs. XIV*, No. 17-cv-00410-MSK-STV, 2017 WL 1908121 (D. Colo. May 10, 2017); *Metro. Prop. & Cas. Ins. v. Cleveland*, No. 20-CV-00900-LTB-MEH, 2020 WL 8335617, at *2 (D. Colo. July 2, 2020) (acknowledging "the efficiency and fairness of delaying the proceedings at this stage of the litigation pending resolution of a motion to dismiss that could resolve this matter in its entirety" in granting stay of discovery pending resolution of motion to dismiss); *Harris v. United States*, No. 09-cv-02658-PAB-KLM, 2010 WL 1687915, at *1 (D. Colo. Apr. 27, 2010) ("[n]either [the Court's] nor the parties' time is well-served by being involved in the 'struggle over the substance of the suit' when, as here, a dispositive motion is pending.") (citations omitted); *Morales v. RoxBox Containers, LLC*, No. 20-CV-00262-PAB-KLM, 2020 WL 6828106, at *2 (D. Colo. Nov. 3, 2020); *Am. Web, Inc. v. Flom Corp.*, No. 11-CV-02444-WYD-KMT, 2012 WL 3129196, at *2 (D. Colo. July 31, 2012) (court granted motion to stay discovery pending resolution of partial motion to dismiss).

In addition, motions to dismiss that present certain threshold issues generally present a stronger case for staying discovery, including matters involving jurisdictional

issues. *See, e.g., Clarendon Nat'l Ins. Co. v. Glickauf*, No. 18-cv-02549-CMA-NYW, 2019 WL 1897845, at *2 (D. Colo. Feb. 14, 2019) (recognizing that courts in this District "may be more inclined to stay discovery pending the resolution of a Motion to Dismiss impacting immunity or jurisdictional issues"); *Burkitt v. Pomeroy*, No. 15-cv-02386-MSK-KLM, 2016 WL 696107, at *3 (D. Colo. Feb. 22, 2016) (observing that a stay may be appropriate pending the resolution of a motion to dismiss impacting immunity or jurisdictional issues).

## LEGAL ARGUMENT

In determining whether to grant a stay, courts typically balance the following factors and consider the competing interests at stake: (1) the plaintiff's interest in proceeding expeditiously with discovery and the potential prejudice of a delay; (2) the defendant's burden in proceeding with discovery; (3) the court's convenience of staying discovery; (4) the interests of nonparties in either staying or proceeding with discovery; and (5) the public interest in either staying or proceeding with discovery. *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-CV-01934-LTB-PA, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006). These factors weigh in favor of staying any discovery pending resolution of the Joint Motion to Dismiss.

### A. Plaintiff will not suffer prejudice.

As an initial matter, Plaintiff does not oppose this Motion. While Plaintiff has an interest in proceeding expeditiously, his interest is offset by Defendants' burden in proceeding with this lawsuit. Staying all discovery pending a ruling on the Joint Motion to Dismiss will not cause Plaintiff undue prejudice. Rather, staying discovery until a

determination on the dispositive motion will save all parties, including Plaintiff, the burden and expense of the discovery process. There is no undue prejudice to Plaintiff. Indeed, if this Court grants the Motion to Dismiss, no discovery is needed and Plaintiff will have expended unnecessary effort and expense associated with discovery for no reason. This is inconsistent with the intent of Rule 1. Further, this lawsuit arises out of the application of PPP loans, which is documented, so the parties can rely on these documents, alleviating any concern about depleted memories of witnesses. These facts weigh in favor of a stay.

**B.   Defendants' burden in proceeding with discovery.**

"[S]ubjecting a party to discovery when a motion to dismiss ... is pending may subject [a party] to undue burden or expense, particularly if the motion to dismiss is later granted." *String Cheese Incident,* 2006 WL 894955, at *2. Defendants will be burdened if they must engage in discovery because the Joint Motion to Dismiss seeks a complete dismissal and, if granted, no discovery was needed. "Proceeding with discovery will be wasteful if District Judge [] grants the Motion[] to Dismiss in their entirety or grants them in part and substantially limits the issues." *Blixseth v. Cushman & Wakefield of Colorado, Inc.*, No. 12-CV-00393-PAB-KLM, 2012 WL 3962800, at *2 (D. Colo. Sept. 11, 2012). Thus, it is more "efficient and convenient to stay the entire proceedings." *Eggert*, 2010 WL 3359613, at *4 (D. Colo. Aug. 25, 2010).

Defendants will be prejudiced if required to proceed with discovery as it will cause it undue burden and expense. This is contrary to the purpose of Rule 1, which states that the Federal Rules of Civil Procedure "should be construed, administered,

[5]

and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Subjecting Defendants to discovery pending a Motion to Dismiss will cause undue burden and expense, which weighs in favor of granting a stay.

### C. The convenience to the Court of staying discovery.

It is in the best interests of this Court to stay the proceeding to conserve the parties' and judicial resources. A stay until there is a determination on a question that can be determined as a matter of law promotes efficiency and conservation of resources for the parties and this Court.

Staying these proceedings will result in fair, accurate, and just determinations for all parties addressing identical facts and claims. "Where a pending motion may dispose of an action . . . a stay of proceedings may allow the Court to avoid expending resources in managing an action that ultimately will be dismissed." *Makeen Inv. Grp., LLC v. Vallejos*, 2018 WL 704383. Staying a proceeding "pending a decision on a dispositive motion that would fully resolve the case furthers the ends of economy and efficiency, since if the motion is granted, there will be no need for discovery." *Ritz v. Jordan*, No. 08-CV-01164-MSK-KLM, 2008 WL 2945600, at *1 (D. Colo. July 28, 2008). Defendants' Joint Motion to Dismiss will fully resolve this entire lawsuit if granted, which weighs in favor of granting a stay.

### D. The interest of nonparties in either staying or proceeding with discovery.

The parties have not exchanged Initial Disclosures, so the involvement of specific non-parties is not yet fully known. However, proceeding with discovery despite a pending dispositive motion would potentially require non-parties to respond to subpoenas, search for and produce documents, and provide testimony as to events that may not be relevant depending upon this Court's ruling on the pending Joint Motion to Dismiss. It could potentially waste these non-parties' time and resources to participate in discovery where it is later determined that it was unnecessary given this Court's determination on the dispositive motion. Staying discovery would save them from incurring these expenses, which weighs in favor of a stay.

### E. The public interest in either staying or proceeding with discovery.

A "stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2001). Indeed, the "Court's aim is to 'secure the just, speedy and inexpensive determination of every action and proceeding'". *Int'l Bhd. of Elec. Workers, Loc. #111 v. Pub. Serv. Co. of Colorado*, No. 12-CV-01694-PAB-MEH, 2015 WL 4749003, at *1 (D. Colo. Aug. 12, 2015) (citing Fed. R. Civ. P. 1). There is also a public interest in conserving public resources and the efficient functioning of government. *Eggert*, 2010 WL 3359613, *4. "Avoiding wasteful efforts by the court clearly serves this interest." *Davidson v. Bank of Am. N.A.*, No. 14-CV-01578-CMA-KMT, 2015 WL 5444308, at *2 (D. Colo. Sept. 16, 2015). This factor weighs in favor of Defendants as staying discovery would save judicial resources that

are ultimately paid for by the public. The public interest weighs in favor of staying discovery until this Court rules on the pending Motion to Dismiss. *See* CGC *Holding Co., LLC v. Hutchens,* 965 F. Supp. 2d 1277, 1279 (D. Colo. 2013) (stating that the public has an interest in not wasting a court's "valuable time").

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully request this Court grant its Motion to Stay Pending Resolution of Defendants' Joint Motion to Dismiss.

DATED this the 19th day of March, 2024.

| | |
|---|---|
| *s/ Tamara Seelman*<br>Tamara Seelman<br>Megan A. Jones<br>Morgan Hamrick<br>Stephanie Hiquiana<br>Gordon Rees Scully Mansukhani, LLP<br>555 Seventeenth Street, Suite 3400<br>Denver, Colorado 80202<br>(303) 534-5160<br>tseelman@grsm.com<br>mzjones@grsm.com<br>mhamrick@grsm.com<br>shiquiana@grsm.com<br>*Attorneys for Defendants Aspen Alps Condominium Association, Inc.; Beaver Run Homeowners Association; Christie Lodge Owners Association, Inc.; Club Telluride Owners Association, Inc.; Fort Collins Country Club; Park Plaza Condominium Association; Racquet Club Owners Association; Manor Vail Condominium Association; Aspen Square Condominium Association, Inc.; Timberline Condominiums Association, Inc.* | */s/ Christine M. Kroupa*<br>Christine M. Kroupa, Esq.<br>Quintairos, Prieto, Wood & Boyer, P.A.<br>216 Sixteenth Street, Suite 1750<br>Denver, Colorado 80202<br>(720) 789-1620<br>christine.kroupa@qpwblaw.com<br>*Attorney for The Village at Copper Association, Antlers Condominium Association, & Austria Haus Condominium Association* |

*s/ Justin J. Boron*
Justin J. Boron
Matthew N. Foree
Lorne G. Hiller
Freeman Mathis & Gary LLP
1600 Market Street, Suite 1210
Philadelphia, PA 19103
(215) 789-4919
jboron@fmglaw.com
mforee@fmglaw.com
lorne.hiller@fmglaw.com
*Attorney for Avon Lake Villas Condominium Association, Inc.; Mountain Haus Condominium Association; San Mortiz Condominium Association; Stonebridge Condominium Association; The Sandstone Creek Club Condominium Association*

*s/ Aaron M. Bell*
Aaron M. Bell
Patrick Q. Hustead
Jacob D. Jones
Hustead Law Firm, PC
4643 South Ulster Street
Regency Plaza One, Suite 1250
Denver, CO 80237
(646) 725-0145
amb@thlf.com
pqh@thlf.com
jdj@thlf.com
*Attorney for The Heather Gardens Association*

*s/ Zubin Chadha*
Zubin Chadha
Brad Shefrin
Hall Booth Smith PC
5445 DTC Parkway, Suite 900
Greenwood Village, CO 80111
(303) 773-3500
zchadha@hallboothsmith.com
bshefrin@hallboothsmith.com
*Attorney for Dancing Bear Residences Owners Association, Inc. and* Crestwood Condominium Association

*s/ Jeremy D. Peck*
Jeremy D. Peck
Kutak Rock LLP
2001 16th Street, Suite 1800
Denver, CO 80202
(303) 297-2400
jeremy.peck@kutakrock.com
*Attorney for North of Nell Condominium Association*

## CERTIFICATE OF SERVICE

  The undersigned hereby certifies that a true copy of the above and foregoing was electronically filed with the Clerk of the United States District Court using the CM/ECF system which will send notification to all counsel referenced below, this the 19th day of March, 2024 addressed to:

Randall Carroll Owens
Wright & Close LLP
One Riverway
Suite 2200
Houston, TX 77056
713-572-4321
owens@wrightclosebarger.com
*Attorney for Plaintiff Wade Riner*

Nicholas A. Deuschle
U.S. Attorney's Office
District of Colorado
1801 California Street, Suite 1600
Denver, CO 80202
303-454-0128
Nick.Deuschle@usdoj.gov
*Interested Party*

Tamara Seelman
Megan A. Jones
Morgan Hamrick
Stephanie Hiquiana
GORDON REES SCULLY MANSUKHANI, LLP
555 Seventeenth Street, Suite 3400
Denver, Colorado 80202
303-534-5160
tseelman@grsm.com
mzjones@grsm.com
mhamrick@grsm.com
shiquiana@grsm.com
*Attorneys for Defendants Aspen Alps Condominium Association, Inc.; Beaver Run Homeowners Association; Christie Lodge Owners Association, Inc.; Club Telluride Owners Association, Inc.; Fort Collins Country Club; Park Plaza Condominium Association; Racquet Club Owners Association; Manor Vail Condominium Association; Aspen Square Condominium Association, Inc.; Timberline Condominiums Association, Inc.*

Justin J. Boron
Matthew N. Foree
Lorne G. Hiller
Freeman Mathis & Gary LLP
1600 Market Street, Suite 1210
Philadelphia, PA 19103
215-789-4919
jboron@fmglaw.com
mforee@fmglaw.com
lorne.hiller@fmglaw.com
*Attorney for Avon Lake Villas Condominium Association, Inc.; Mountain Haus Condominium Association; San Mortiz Condominium Association; Stonebridge Condominium Association; The Sandstone Creek Club Condominium Association*

[10]

Zubin Chadha
Hall Booth Smith PC
5445 DTC Parkway, Suite 900
Greenwood Village, CO 80111
303-773-3500
zchadha@hallboothsmith.com
*Attorney for Dancing Bear Residences Owners Association, Inc.*

Jeremy D. Peck
Kutak Rock LLP
2001 16th Street, Suite 1800
Denver, CO 80202
303-297-2400
jeremy.peck@kutakrock.com
*Attorney for North of Nell Condominium Association*

Aaron M. Bell
Hustead Law Firm, PC
4643 South Ulster Street
Regency Plaza One, Suite 1250
Denver, CO 80237
646-725-0145
amb@thlf.com
*Attorney for The Heather Gardens Association*

/s/ *Christine M. Kroupa*
Christine M. Kroupa, Esq.
Quintairos, Prieto, Wood, & Boyer, P.A.
216 16th Street, Suite 1750
Denver, CO 80202
Telephone: 720-798-1620
christine.kroupa@qpwblaw.com
*Attorneys for Defendant*